# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:13-cr-00003-JPH-CMM-1 |
| vs. ) | |
| ) | |
| DANNY K. HIGHT, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On October 6, 2020, the Court held an initial hearing on two Petitions for Warrant for Offender Under Supervision filed on October 28, 2019 and July 22, 2020. [Docs. 45, 65] Danny K. Hight ("Defendant") appeared in person with CJA counsel, Lupita Thompson. The Government appeared by Matt Rinka, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court advised Defendant of his rights and provided him with copies of the petitions. Defendant orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant admitted Violation Nos. 1-7. [Docket No. 45, 65.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | "The defendant shall not commit another federal, state or local crime." |

        On October 6, 2019, Danny Hight was arrested and charged with Operating a Vehicle While Intoxicated Endangering a person, Class A Misdemeanor. A deputy responded to a call of a vehicle crashed into a ditch. The offender was located in his truck and was observed to have several signs of intoxication, including slurred speech, an odor of an alcoholic beverage, and the presence of alcohol beverage containers in the vehicle. The offender was released on bond and this case is pending in Fountain County under cause number 23C011910CM000387, with a pretrial conference scheduled on November 20, 2019, and a bench trial on December 18, 2019.

2.      "You shall not use or possess alcohol."

        The offender's arrest on October 6, 2019, for Operating a Vehicle While Intoxicated Endangering a Person, and the presence of alcoholic beverages in his vehicle, indicate he was in possession of and drinking alcohol. After his arrest, Mr. Hight admitted to this officer that he had consumed alcoholic beverages prior to the crash of his vehicle.

3.      "The defendant shall refrain from any unlawful use of a controlled substance."

        On November 19, 2018, the offender submitted a drug screen which tested positive for methamphetamine. On December 17, 2018, the offender submitted a drug screen which tested positive for cocaine. Mr. Hight admitted ingesting illegal drugs to produce both of these positive screens.

        On February 27, 2019, Danny Hight submitted a urine screen which tested positive for methamphetamine. Mr. Hight at first denied his use of this illegal drug, but later admitted he ingested methamphetamine to produce the positive result.

4.      "The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."

        The offender failed to report as directed for three random urine drug screens on January 22, 2019, March 8, 2019, and April 4, 2019. On February 8, 2019, the offender submitted a drug

> screen with suspected adulteration, as it was clear, below acceptable temperature, and low volume. The staff requested the offender remain to provide a second acceptable sample, but he left the facility and failed to provide a second sample. This sample later tested as dilute.
>
> While in a substance abuse treatment program from February 19, 2019, until September 5, 2019, the offender failed to appear for three sessions on: May 29, 2019; June 11, 2019; and July 2, 2019.

5. "The defendant shall not commit another federal, state or local crime."

> On July 21, 2020, Mr. Hight was arrested and charged in Vermillion County, Indiana, with misdemeanor counts of Operating a Vehicle While Intoxicated Endangering a person; Operating a Vehicle with a BAC of .15 or more; and Operating a Vehicle with a Schedule I or II Controlled Substance or its Metabolite in the Blood. On the above-referenced date, Vermillion County Sheriff's office received a phone call complaint reporting that Mr. Hight was driving up and down a road in Hillsdale on a motorcycle at a high rate of speed. Deputies responded to the call and located Mr. Hight driving a motorcycle near the road from the reported complaint. Mr. Hight was observed by deputies weaving back and forth in the roadway and made a traffic stop. Upon speaking with Mr. Hight, deputies smelled the odor of alcohol coming from his breath. Mr. Hight submitted to field sobriety tests and failed. Deputies requested that he take a breath test, and he refused. Therefore, a warrant was approved for Mr. Hight to produce a blood sample. Upon results of the blood sample, Mr. Hight's BAC was .223%. Furthermore, Mr. Hight tested positive for amphetamines.

6. "You shall not use or possess alcohol."

> As noted-above, law enforcement detected an order of alcohol on Mr. Hight's breath, and subsequently, he tested .223% BAC on a blood sample.

7. "The defendant shall refrain from any unlawful use of a controlled substance."

> From his arrest on July 21, 2020, Mr. Hight submitted to a blood draw, and the results were positive for amphetamines.

4. The Magistrate Judge finds that:

   (a) The highest grade of violation is a **Grade B** violation.

3

      (b)    Defendant's criminal history category is **IV**.

      (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is **12 to 18** months imprisonment.

5.    The Court reviewed with the Defendant the violations cited in the Petitions. The Court finds that the defendant, after being placed under oath, and having had sufficient time to consult with counsel, made a knowing, intelligent and voluntary admission of the violations cited in the Petitions.

6.    The Government argued that the defendant should receive an executed sentence of 12 months; the defendant argued that he should remain under supervised release and be placed in a "sober living" environment and permitted to recover from longstanding addiction.

7.    The Magistrate Judge finds that:

(a)    The Defendant violated the conditions set forth in the petitions;

(b)    The Defendant has a longstanding criminal conviction history. (Because the Government cited the pre-sentence report in its argument, the Court retrieved that report and reviewed as part of making this recommendation.) The underlying conviction for which the Defendant is on supervised release was as a felon in possession of a firearm. All of the allegations raised in the Probation Office petitions are related in some degree to the Defendant's longstanding addiction issues. Although the underlying charges in Indiana courts have been resolved—generously, in the view of the Magistrate Judge—there is no serious question that the Defendant's conduct posed a danger to himself and to others.

It is evident, as defense counsel argued, that addiction to drugs and alcohol are the root of the Defendant's problems, at least the most recent arrests and convictions. And, the Court agrees that incarceration alone is an inadequate

remedy for a serious mental health condition such as drug and alcohol addiction. Yet, the Court has few tools available to address that issue seriously and successfully. The "sober living" alternative, while momentarily attractive as a step that might alter the Defendant's course in life, is unavailing when one examines the totality of the Defendant's record, his course while on supervised release, and the evidence that *any* alternative will impact the Defendant's life. No evidence is as telling or discouraging as this reality: Supervision in this matter commenced on November 16, 2018. A drug screen only three days later tested positive for methamphetamine. Thus, after spending four and one-half years in prison and finally earning release under supervision of probation officers fully capable of supporting and directing the Defendant to a better outcome, the Defendant promptly reoffended. And he did so multiple times over two years, driving under the influence and endangering others, failing drug screens, adulterating tests, failing to appear—all stunningly heedless of the consequences. The Probation Office demonstrated patience and deference in this case that was more than generous. The Defendant had numerous opportunities to correct course. He failed or refused to do so every time. Thus, the "sober living" alternative is a non-starter.

The Government recommended as sentence of one year, taking pains to make clear that it believed that a sentence of "one year and one day" would be an inadequate response and that a longer term of actual time in custody is the sole alternative here. While the Court agrees that a term of imprisonment is the appropriate resolution, the Court also degrees with the Government's recommendation. Given the totality of the circumstances, the persistent

5

violations, and the danger created by this Defendant, the Magistrate Judge recommends a sentence of imprisonment at the high end of the range, i.e., 16 months. The Magistrate Judge agrees, however, that further supervised release for this Defendant would be utterly futile.

8. In reaching these conclusions, the Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the Defendant, here, the flagrant and repeated violations of the terms of supervised release in a short time frame and the Defendant's substantial criminal conviction history]; (a)(2)(A) [to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense]; (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the Defendant's multiple violations and disregard of reasonable rules of supervised release]; (a)(2)(C) [to protect the public from further crimes of the defendant, including twice, at least, operating a vehicle while intoxicated and endangering others); (a)(2)(D) [not applicable here], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

9. The Defendant was advised that the District Judge had referred this matter to the Magistrate Judge to conduct a hearing and to make a recommendation on disposition of this matter. The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have 14 days within which to object to this Report and Recommendation.

## **Recommendation**

The undersigned recommends to the Court adoption of these findings, revocation of the Defendant's supervised release, and imposition of an executed sentence in the custody of the Bureau of Prisons for a term of 16 months. The undersigned further recommends that the Court impose no supervised release at the conclusion of that sentence.

The defendant remains on release pending the District Court's consideration of this recommendation.

Dated: October 6, 2020

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

**Distribution to:**
Counsel of Record