UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:13-cr-03-JPH-CMM -01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DANNY K. HIGHT | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13-cr-00003-JPH-CMM |
| | ) |
| DANNY K. HIGHT, | ) -01 |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Danny K. Hight has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 87. Mr. Hight seeks immediate release from incarceration based on his risk of severe illness should he contract COVID-19. *Id.* For the reasons explained below, his motion is **DENIED**.

**I.     Background**

In April 2014, Mr. Hight pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dkts. 33, 34. According to the stipulated factual basis supporting his guilty plea, when sheriff's officers responded to a domestic disturbance call at Mr. Hight's residence, they encountered Mr. Hight sitting in his living room and pointing a shotgun at them. Dkt. 32. Officers took Mr. Hight into custody and in addition to the shotgun, they also found several other guns in the residence. Mr. Hight further stipulated that he had previously been convicted of at least four prior felonies. The Court sentenced Mr. Hight to 70 months of imprisonment, to be followed by a 3-year term of supervised release. Dkts. 33, 34. Mr. Hight completed his term of imprisonment in November 2018, but he was taken back into custody in September 2020 for several violations of his supervised release: committing a new crime; using

2

alcohol and controlled substances; and failing to comply with the terms of his substance abuse program. Dkts. 45, 71, 74. In November 2020, the Court revoked his supervised release and sentenced him to 16 months of imprisonment. Dkts. 83, 85. The Bureau of Prisons ("BOP") lists Mr. Hight's anticipated release date (with good-conduct time included) as January 27, 2022.

Mr. Hight is 54 years old. He is currently incarcerated at FCI Greenville in Greenville, Illinois. As of November 17, 2021, the BOP reports that no inmates and 1 staff member at FCI Greenville have active cases of COVID-19; it also reports that 618 inmates at FCI Greenville have recovered from COVID-19 and that no inmates at FCI Greenville have died from the virus. https://www.bop.gov/coronavirus/ (last visited Nov. 18, 2021). The BOP also reports that 1,064 inmates at FCI Greenville have been fully inoculated against COVID-19. *Id.* That is, about 90% of the inmates at FCI Greenville have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of Nov. 18, 2021, the BOP reports that FCI Greenville and its satellite camp have a total inmate population of 1,188).

Mr. Hight filed a pro se motion for compassionate release. Dkt. 87. The Court then issued an order requiring Mr. Hight to show cause why the Court should not deny his motion for compassionate release because the COVID-19 pandemic no longer presents an extraordinary and compelling reason for relief. Dkt. 88. The order also required Mr. Hight to update the Court as to his vaccination status. In response to the order, Mr. Hight informed the Court that he had received the Moderna vaccine, but he argued that his request for compassionate release nevertheless remains viable because the vaccine does not eliminate his risk of contracting and becoming severely ill from COVID-19. Dkt. 89 at 1. He also points out that the Delta variant of COVID-19 is spreading throughout the BOP, including at FCI Greenville, thereby increasing his risk. Upon review of Mr. Hight's motion and show-cause response, the Court concludes that it can resolve the

3

motion without a response from the United States. Consequently, the motion is now ripe for decision. As explained below, Mr. Hight has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

## II. Discussion

Mr. Hight seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 87. Specifically, he contends that his medical conditions (hypertension and obesity), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* He further argues that despite having received both doses of the Moderna COVID-19 vaccine, he should still be released because the vaccine is not 100% effective, and he is still vulnerable to the virus. Dkt. 89.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The risk that Mr. Hight faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him.[1] While the Court sympathizes with Mr. Hight's fear of

---

[1] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court would typically consider the rationale provided by Mr. Hight's warden in

contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Mr. Hight claims that he is at an increased risk of experiencing severe COVID-19 symptoms because he suffers from various medical conditions—specifically, hypertension and obesity. He does not, however, provide any evidence or medical records to support such diagnoses. Nevertheless, the Court will assume that he does have such a condition for purposes of this motion.

Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See, e.g., United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Moderna vaccine that Mr. Hight received. *See* dkt. 89. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Moderna vaccine are

---

denying Mr. Hight's administrative request for relief. However, Mr. Hight has not provided a copy of any decision from the warden on his request for compassionate release, so it offers no guidance to the Court's analysis.

effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Sept. 16, 2021). The CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States. *Id.* The vaccines are not 100% effective, and some vaccinated people may still get sick. *Id.* The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of September 15, 2021, the BOP has administered more than 200,000 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited Sept. 16, 2021). Mr. Hight has now received both doses of the COVID-19 vaccine—thus, dramatically reducing his chances of being infected with COVID-19 and suffering severe symptoms if he is infected. In addition, as noted above, about 80 percent of the inmates housed at FCI Greenville have received both doses of the COVID-19 vaccine. This high rate of vaccination at FCI Greenville should provide Mr. Hight with additional protection against infection. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Sept. 16, 2021) ("In addition to providing protection against COVID-19, there is increasing evidence that COVID-19 vaccines also provide protection against COVID-19 infections without symptoms (asymptomatic infections). COVID-19 vaccination can reduce the spread of disease overall, helping protect people around you."). The BOP has also met with recent success in controlling the COVID-19 virus at FCI Greenville. As

noted above, the BOP reports that no inmates and only 1 staff member at FCI Greenville currently have active cases of COVID-19.

Recently, the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at *803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.* The Seventh Circuit reinforced its position on this issue in a subsequent case, *United States v. Burgard*, 857 F. App'x 254, 254 (7th Cir. 2021), in which it concluded that a prisoner with asthma had not established extraordinary and compelling reasons warranting compassionate release based on risk from COVID-19 because "the widespread availability of the COVID-19 vaccine within the Federal Bureau of Prisons likely eliminate[d]" release on such a basis. As in *Broadfield*, nothing in the record indicated that Mr. Burgard was unable, medically or otherwise, to receive the vaccine; moreover, approximately 80% of the inmate population at his prison had been vaccinated. *Id.* Consequently, he was not entitled to release. *Id.*

Here, Mr. Hight has been fully vaccinated against COVID-19, more than three-quarters of inmates at his facility have been fully vaccinated, and there are only 2 inmates with current

7

COVID-19 infections at his facility. Given these facts and the rationales of *Broadfield* and *Burgard*, the Court declines to exercise its discretion to find that the risk Mr. Hight faces from the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting release under § 3582(c)(1)(A). *See United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-3, dkt. 274 (S.D. Ind. Feb. 16, 2021) (finding no extraordinary and compelling reason based on COVID-19 risk where defendant had been fully vaccinated); *United States v. Schoonover*, No. 1:02-cr-156-JMS-TAB-01, 2021 WL 1814990, at *4 (S.D. Ind. May 6, 2021) (same); *see also United States v. Harris*, No. 4:16-cr-40073-SLD, 2021 WL 2021440, at *3 (C.D. Ill. May 20, 2021) ("In light of his vaccination and the low number of cases at USP Lompoc currently, the Court finds that Defendant has not shown extraordinary and compelling reasons for release exist based on the COVID-19 pandemic.").

Mr. Hight speculates that due to his obesity, the vaccine may not provide full protection to him. *See* dkt. 89 at 2. As of September 7, 2021, more than 176 million people in the United States had been fully vaccinated against COVID-19. During the same time, CDC received reports from 49 U.S. states and territories of 14,115 patients with COVID-19 vaccine breakthrough infection who were hospitalized or died. *See* https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html (last visited Sept. 16, 2021). This means that less than one percent of all fully vaccinated individuals contracted COVID-19 and were hospitalized or died. All inmates—and, indeed, all people—are subject to some risk from infectious disease. While the COVID-19 vaccine may not offer Mr. Hight perfect protection, the risk that he will become severely ill or die from the virus has been so substantially diminished that it is not an extraordinary and compelling reason warranting relief.

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

### III.   Conclusion

For the reasons stated above, Mr. Hight's motion for compassionate release, dkt. [87], is **denied**.

**SO ORDERED.**

Date: 11/18/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Danny Hight
Reg. No. 11861-028
FCI Greenville
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246